**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division**

In re JONTHAN WAYNE VIECELLI,    )    Case No. 06-61806-LYN
                                 )
             Debtor,             )
                                 )

### MEMORANDUM

This matter comes before the Court on a motion by Jonthan Wayne Viecelli ("the Debtor") asking this court to amend its order compelling him to turnover certain property of the estate, that is, funds in the amount of the Debtor's income tax refund for the tax year 2006.

For the reasons stated below, the motion will be denied.

### *I. Jurisdiction*

This court has jurisdiction over this matter. 28 U.S.C. §§ 1334(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A)&(E). Accordingly, this court may render a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as directed by Fed.R.Civ.P. 52 which is made applicable in this contested matter by Fed. R. Bankr. P. 9014(c) and 7052.

1

*II. Facts*

In December of 2005, the Debtor and his wife agreed to a voluntary separation. They did not file documents with any court seeking recognition of the separation prior to the date that the debtor filed his petition. The terms of the separation were not reduced to writing, nor was the separation formally recognized by a court of competent jurisdiction prior to the date on which the Debtor filed his petition in bankruptcy. The Debtor's wife retained custody of the their two minor children.

During 2006, the Debtor earned adjusted gross income of $24,985.00. Mrs. Viecelli did not report any earned income during 2006.[1] After applying their standard deduction and personal exemptions, their total federal taxable income was $1,485.00. The tax due on this amount was $149.00. There were four offsets against this amount. First, the Debtor had made estimated tax payments of $1,995.00 during the year. Second, there was an earned income tax credit ("EIC") of $2,816.00 based on the level of adjusted gross income[2]. Third, there was an EIC in the amount of $1,851.00 based on the level of the adjusted gross income and the number of children in the household. Finally, they received a $60.00 credit for telephone excise tax paid.

The Debtor and his wife, then received a total federal refund of $6,722.00 ( = [$1,995.00 + $2,816.00 + $1,851.00 + $60.00] - [$149.00]). They also received a refund in the amount of $940.00 from the Commonwealth of Virginia. The total of the tax refunds was $7,662.00.

---

[1] Mrs. Viecelli did receive social security disability income. The record does not reflect the amount of disability income received by Mrs. Viecelli. She received $67.00 per month for each of the two children. The Debtor testified that his wife worked for two weeks during the year, but any income therefrom was not reflected on their income tax returns.

[2] Under the Internal Revenue Code, certain individuals are allowed a credit against their income tax due. The credit is based on the taxpayer's earned income. The amount of the credit is a percentage of the taxpayer's income, subject to a maximum income. See 26 U.S.C. § 32.

2

Mrs. Viecelli electronically filed the Federal and Virginia joint income tax returns on their behalf. The refund was electronically deposited into a savings account, on which both the Debtor and his wife were signatories. The Debtor's wife retained the entire amount of the tax refund with the agreement of the Debtor.

On November 21, 2006, the Debtor filed a chapter 7 petition. The Debtor failed to timely file a homestead deed exempting the refunds or any portion thereof. The chapter 7 trustee filed a motion to compel the turnover $3,313.00 representing one-half of that portion of the refund generated during the pre-petition period. The Court granted the motion.

### *III. Discussion*

As a preliminary matter, the Court finds it necessary to comment on the form of this filing. The Debtor filed a motion to amend the order compelling turnover of the tax refunds. Appended to it, within the same document, is a notice of appeal from the motion compelling turnover. The notice of appeal appears after the signatures of the Debtor and counsel, which are just below the motion to amend. The Debtor docketed the entire document twice, once as a motion to amend the order compelling turnover and once as a notice of appeal.

There are a number of reasons that a notice of appeal should never be filed as part of the same document as a motion to amend. First an appeal pursuant to a notice of appeal is heard by the United States District Court and a motion to amend is heard by the Bankruptcy Court. If the Debtor wishes the District Court to know that there has been a motion to amend filed with the Bankruptcy Court, then he may designate it as part of the record on appeal. If the Debtor wishes the Bankruptcy Court to know that he intends to appeal from any adverse decision rendered on the motion to amend, then he may simply state such in the motion. Second, a notice of appeal

removes jurisdiction over the matter from the Bankruptcy Court.  If the notice of appeal is given effect, then the Bankruptcy Court may not hear the motion to amend the order.  Third, in this case, the docket entries are not accurate summaries of the documents that have been filed.

Because the notice of appeal is appended and because there are no signatures below the notice of appeal[3], this Court will entertain the motion to amend.  If the Debtor wishes to appeal from the order compelling turnover or the order denying the motion to amend, he must file separate document noticing the appeal.  Any such document shall contain all information required in a notice of appeal.  See Fed. R. Bankr. P. 8001, et. seq.

We turn now to the Debtor's motion to amend the order compelling turnover of the tax refund.  The trustee's motion was granted based on the conclusion that the tax refunds are property of the estate and that there is no exclusion for EICs provided in the Bankruptcy Code. See 11 U.S.C. § 541, Johnston v. Hazlett (In re Johnston), 209 F.3d 611, (6th Cir.  2000) and In re Montgomery 224 F.2d 1193 (10th Cir.  2000).

A motion for a new trial or to alter or amend judgment is brought under  Fed. R. Civ. P. 59, as made applicable in this matter under Fed. R. Bankr. P. 9023.  Rule 59(a) provides in relevant part:

> (a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues . . . in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

---

[3] A certificate of service appears after the notice of appeal.  Counsel for the Debtor signed the certificate of service.   This does not suffice for the notice of appeal which appears between the signatures appended to the motion to amend and the certificate of service.

The Debtor first repeats arguments made at the hearing on this matter concerning the purpose and method of calculation of EICs. The motion for reconsideration on these grounds is denied for the reasons originally stated in the memorandum supporting the order granting the trustee's motion.

Second, the Debtor argues that the refunds are not the property of the respondent because he never received the tax refunds and because they "were not even constructively in his possession". The Debtor cites Brown v. Pyatt (In re Pyatt), 486 F.3d 423 (8th Cir. 2007)[4] in support of this proposition. In Pyatt, the Debtor drafted checks against his checking account. The checks were not honored until after the date of petition. The trustee filed a motion under Section 542(a) to compel the debtor to turn over the funds that the bank had paid to the payees when they presented the checks. Section 542(a) provides that any entity in "possession, custody, or control, during the case, of property" of the estate shall deliver to the trustee, and account for, such property or the value of such property.[5]

The Bankruptcy Court decided for the trustee holding that the funds were property of the estate on the date of petition. The Bankruptcy Appellate Panel reversed the Bankruptcy Court and the Eighth Circuit Court of Appeals affirmed the B.A.P. The Eighth Circuit reasoned that the Debtor was not in "possession, custody, or control" of the funds in the account on the date

---

[4]  The Debtor cites the opinion as "Brown V. Pyatt #06–3404 (8th Circuit 5/27/07)". This appears to be the same opinion as cited in the text above.

[5]  Section 542(a) provides:

(a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

that the trustee filed his motion to compel the Debtor to turnover the tax refunds.

The Fourth Circuit, however, has reached the opposite holding.  See In re Shearin, 224 F.3d 353 (4th Cir.  2000), cert. denied Vandeventer Black v.  Beaman, 531 U.S. 1149, 121 S.Ct. 1090, 148 L.Ed.2d 964 (2001).  In Shearin, the debtor was a partner in a law firm who filed his petition in the middle of the firm's fiscal year.  At the end of the year, post-petition, the firm distributed to the debtor his share of the year's profits.  The trustee filed an adversary complaint to compel the firm to turn over the amount of the Debtor's profits.   The Court construed the phrase "during the case" to refer to the entire bankruptcy case, not just the adversary proceeding.  The Court then ordered the firm to pay the trustee that portion of the Debtor's share of the profits that were earned pre-petition.

In this case, the Debtor was a co-filer of the tax return that generated the refunds.  Prior to, and on the date of, the petition, the Debtor had an ownership interest in at least some portion of the tax refunds that he could have asserted against his wife.  This is further evidenced that he was required to be a co-signatory of the savings account into which the funds were deposited.  As such, he had possession, custody and control over the refunds during the pendency of this case.  Accordingly the trustee's motion to compel turn over is properly brought under Section 542(a).

## **ORDER**

The Debtor's motion to amend this Court's order compelling the debtor to turnover $3,313.00, representing one-half of income tax refunds earned pre–petition, is denied.

So ORDERED.

Upon entry of this Order the Clerk shall forward a copy to the Chapter 7 trustee, William F.

Schneider, Esq., and Michael P. Reagan, Esq., counsel for the debtor.

Entered on this 3rd day of July, 2007.

_____
William E. Anderson
United States Bankruptcy Judge